UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BLANE HARMON** : **CASE NO. 2:23-CV-01627**

**VERSUS** : **JUDGE DAVID C. JOSEPH**

**BROCK SERVICES L L C, ET AL.** : **MAGISTRATE JUDGE LEBLANC**

<u>REPORT AND RECOMMENDATION</u>

Before the court is a motion to remand filed by plaintiff, Blane Harmon ("Plaintiff"). Doc. 15, 17.[1] The motion is opposed by defendants, Phillips 66 Co., ConocoPhillips Co. [doc. 20], and Brock Services LLC [doc. 21] (collectively, "Defendants"). Plaintiff argues that this court cannot exercise diversity jurisdiction over this matter under 28 U.S.C. § 1332 because a fictitious defendant, currently named as John Doe, is "probably a citizen of Louisiana or Texas," either of which would destroy diversity. Doc. 17, p. 6. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein, **IT IS RECOMMENDED** that Plaintiff's motion to remand be **DENIED.**

I.
BACKGROUND

This litigation arises from an automobile accident that occurred on or about September 26, 2022. Doc. 1, att. 1, p. 5. Plaintiff alleges that he was working as an employee of Miller Environmental Services, LLC on industrial premises owned by defendants Phillips 66 Co. and ConocoPhillips Co. when the vehicle he was operating was approached on the roadway by a

---

[1] A corrective memorandum in support of the motion to remand may be found at docket no. 17.

1

forklift or other vehicle operated by an employee or agent of Brock Services, LLC. *Id.* at 5-6. He further alleges that he was injured when his vehicle was forced off the roadway to avoid a collision with the oncoming vehicle. *Id.*

On September 25, 2023, Plaintiff filed a lawsuit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, styled *Blane Harmon v. Brock Services, LLC et al.*, No. 2023-3637F (the "Petition"). Doc. 1, att. 1, p. 5. Plaintiff named as defendants Brock Services, LLC ("Brock"), Phillips 66 Co. ("Phillips"), and ConocoPhillips Co. ("ConocoPhillips"). *Id.* Plaintiff also named as fictitious defendants John Doe, ABC Corporation, DEF Corporation, and XYZ Corporation. *Id.* The Petition alleges that John Doe operated the forklift or other vehicle involved in the accident. Doc. 1, att. 1, p. 7, ¶ 8. Plaintiff alleges that ABC Corporation, DEF Corporation, and XYZ Corporation provided liability insurance to Brock, Phillips and ConocoPhillips, and John Doe, respectively. *Id.* at ¶ 9-10.

Defendants timely[2] removed the above-captioned matter to this Court, alleging that this Court may exercise original diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. Plaintiff timely moved to remand. Doc. 15. Plaintiff argues that Defendants have not borne the burden of proving complete diversity of citizenship among the parties because John Doe, an employee of Brock Services, LLC, is likely domiciled in Louisiana or Texas, either of which would destroy the diversity of the parties. Doc. 17, p. 6. Plaintiff further argues that Brock has taken the position in its pleadings that it was aware of neither the accident nor the parties involved [doc. 17, p. 4], and that it was therefore improper of Brock to participate in the removal of this matter because Brock's actions have delayed identification of John Doe. Doc. 15, p. 2. Defendants oppose the motion to

---

[2] Defendants allege that Phillips 66 and Brock Services were served with the Complaint on October 19, 2023, and ConocoPhillips was served on October 24, 2023. Doc. 20, p. 2. There being no record evidence that Defendants received the Petition before that date, Defendants' removal within 30 days of service of Plaintiff's Complaint was timely under 28 U.S.C. § 1446(b)(1).

remand, arguing that the Court must disregard the citizenship of fictitious defendants in assessing diversity jurisdiction. Doc. 20.

## II.
### LAW

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (*quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 357, 377 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, this federal court has original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000.

The federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). If removal is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "In determining whether a civil action is removable on the basis of the

jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Fifth Circuit jurisprudence prohibits this Court from considering any hypothetical citizenships attributed to any fictitious parties in determining diversity jurisdiction. *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) (citing *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014)).

## III.
### APPLICATION

**A.    The amount in controversy requirement**

As an initial matter, the amount in controversy requirement of 28 U.S.C. § 1332(a) is met because the amount in controversy most likely exceeds $75,000, exclusive of interests and costs. Plaintiff does not dispute Defendants' assertion that "the claims set forth by Plaintiff allege more than $75,000 in damages." Doc. 1, p. 5 ¶ 14. When a case originally filed in state court does not explicitly plead the amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000)(citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Luckett*, 171 F.3d at 298.

Defendants set forth facts in their removal petition suggesting that the $75,000 threshold is met. The Petition itself claims damages stemming from medical treatment for injuries to various areas of the body and bodily systems, pain and suffering, loss of enjoyment of life, lost wages, and lost earning capacity, past and future. Doc. 1, att. 1, p. 8, ¶ 8. Defendants state in the Notice of Removal that because Plaintiff is only approximately 45 years old, his lost earning capacity could

4

result in a substantial damages award. Doc. 1, p. 9. Defendants further allege that Plaintiff's injuries include surgery to repair a broken collar bone and potentially a torn rotator cuff, treatment from providers in the fields of orthopedics and neurology, and a recent referral to a spinal surgeon. Doc. 9.

B.     **The citizenship of the parties currently before the Court**

The parties currently before the court are of diverse citizenship. "Plaintiff is domiciled in Louisiana" and is therefore a citizen of Louisiana. Doc. 17. As a limited liability company, defendant Brock's citizenship "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). As detailed in Brock's Diversity Disclosure Statement, Brock's sole member, Brock Holdings III, LLC, itself has only one member, Brock Holdings, II, LLC, which in turn has only one member, The Brock Group, Inc., a corporation. Doc. 10. Because The Brock Group, Inc. is incorporated in Delaware and has its principal place of business in Texas, it is a citizen of Delaware and Texas, as is defendant Brock. *See* 28 U.S.C. § 1332 (c)(1). Defendants Phillips and ConocoPhillips are corporations incorporated in the state of Delaware with their principal places of business in the state of Texas, and they are also citizens of Delaware and Texas. Doc. 11. The Louisiana citizenship of the Plaintiff is diverse from the Delaware/Texas citizenships of the named Defendants at the time of the removal.

C.     **The citizenship of the fictitious defendants**

The remaining question is whether the court may make some consideration of the citizenship of the fictitious defendants not currently before the court. The answer to that question must be no, despite Plaintiff's equitable arguments. In accord with the plain language of 28 U.S.C. § 1441(b)(1) and Fifth Circuit jurisprudence, courts in this district disregard the citizenship of

fictitious defendants in determining whether diversity exists. *See, e.g., Palir v. Laboratory Corp. of Am.*, No. 19-cv-0037, 2019 WL 8631810, at *2 (W.D. La. Dec. 17, 2019) *report and recommendation adopted*, 2020 WL 2065963 (W.D. La. Apr. 29, 2020)) ("Even though, as plaintiffs allege, the unnamed defendant employee is a citizen of Louisiana, his or her citizenship is disregarded for removal purposes."); *Fontenot v. Union Pac. R.R. Co.*, 374 F. Supp. 3d 597, 602–03 (W.D. La. 2019). The Court is bound to do the same in this matter and determine diversity jurisdiction exists at this time, pursuant to 28 U.S.C. § 1332.

**D.     The Court's ongoing obligation to assess its jurisdiction**

Courts have an "independent obligation to assess our own jurisdiction before exercising the judicial power of the United States." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). If and when the Plaintiff moves to amend his complaint to add any additional defendant, the Court will assess the diversity of the parties and its subject matter jurisdiction. *See* 28 U.S.C. § 1447(e) ("[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."); *Fontenot*, 374 F. Supp. 3d at 602–03.

## IV.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [doc. 15] be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

6

Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 27th day of August, 2024.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**